IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

In re the Detention of:

J.B.

No. 88014-4-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — This case under the involuntary treatment act (ITA), chapter 71.05 RCW, involves a series of emergency detention proceedings, agreed commitment orders as a less restrictive alternative (LRA) to inpatient treatment, and petitions to revoke the LRA orders. J.B. contends, and respondent Navos Inpatient Services (the Hospital) concedes, that the trial court's January 7, 2025 order and subsequent orders allowed him to be held beyond the court's authority under the ITA, and thereby "totally disregarded" the provisions of the ITA. RCW 71.05.010(2) (construing the provisions of the ITA, courts "must focus on the merits of the petition, except where requirements have been totally disregarded").

The concession is consistent with the statute, which allows a commitment of no more than 90 days as "further commitment" following a 14-day detention. *See* RCW 71.05.320(2) (authorizing 90-day commitment on various grounds, including grave disability, "not to exceed 90 days from the date of judgment"); RCW 71.05.590(5)(d) (allowing a court to modify an LRA order by ordering inpatient treatment, but not by exceeding the number days remaining on the underlying 90-day commitment order). It is also consistent with applicable caselaw. S*ee In re Detention of A.C.*, 1 Wn.3d 731,

736, 533 P.3d 81 (2023) ("the State totally disregards the requirements of the ITA by holding someone despite lacking the authority under the ITA to do so"). And we agree with the Hospital that three orders stemming from the violation of the ITA violation should be vacated: (1) the January 7, 2025 "1st Amended" LRA order, (2) the February 27, 2025 order granting a motion to revoke the LRA, and (3) the April 11, 2025 agreed 180-day LRA order.

We reverse and remand to the trial court to enter an order that (1) vacates the January 7, 2025, February 27, 2025, and April 11, 2025 orders, and (2) reflects that, as the period of detention permitted under the petition filed on November 7, 2024, has now expired, there is no authority to warrant further petitions or detention under this cause.[1] *See* RCW 71.05.320(4) (an individual "shall be released from involuntary treatment at the expiration of the period of commitment imposed under subsection (1) or (2) of this section" unless a new petition is filed).

FOR THE COURT:

Díaz, J.

Birk, J.

Smith, J.

---

[1] J.B.'s motion to accelerate consideration of his appeal and issuance of the mandate is hereby granted.